PEOPLE *v.* CORBIN

1. HOMICIDE—NEGLIGENT HOMICIDE—EVIDENCE—IMMODERATE SPEED —INTERFERING TACTICS ADMISSIBILITY.

The general rule that, in a negligent homicide case, evidence of immoderate speed at points remote from the scene of the accident is incompetent to establish immoderate speed at the accident scene itself will not be applied where eyewitness testimony at the scene of the accident was prevented by the defendant's flight and by interfering tactics of the defendant (MCLA § 750.324).

2. HOMICIDE—NEGLIGENT HOMICIDE—EVIDENCE—IMMODERATE SPEED.

Question of fact was created whether the defendant in a negligent homicide prosecution was driving at an immoderate speed at the time his car went off the road, killing an occupant of the car, even though there was no evidence of immoderate speed at the scene of the accident where the defendant's own statement of facts showed that the defendant was observed by a deputy sheriff to be carelessly driving, was ordered to pull over to the curb, but the defendant ran through a stop sign, went over a lawn, and entered a state trunkline, the defendant was pursued by the deputy sheriff, who was travelling at over 70 mph, the patrol car had to slow down because of dust from the defendant's car, and defendant's car was forced off a road three and one-half miles from where the deputy had lost sight of the car (MCLA § 750.324).

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 February 4, 1971, at Lansing. (Docket No. 5306.) Decided March 22, 1971.

Danny Lee Corbin was convicted of negligent homicide. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 337–339.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John P. Spires,* Prosecuting Attorney, for the people.

*Richard J. Bahls,* for defendant on appeal.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from a jury verdict of guilty upon the charge of negligent homicide. (MCLA § 750.324 [Stat Ann 1970 Cum Supp § 28.556].).

Appellant states his grounds for appeal as follows:

"Was there any competent evidence that the defendant committed any wrongful act at the time and place where the deceased received his fatal injuries?"

Defendant claims the trial judge's denial of his motion to dismiss at the conclusion of the state's case was an error of law, because in effect it erroneously amounts to an affirmative answer to the stated question.

Perforce, we examine the evidence adduced by the people in support of the charge. We will accept the defendant's version of what the trial testimony disclosed, as contained in his statement of facts.

Defendant was identified as the owner of a 1966 bluish-green Mustang automobile. Sometime on the morning of the fatal accident, he picked up his friend, the deceased. Defendant's version recites

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that he and the passenger "drove about the Village of Almont for a good share of the day." We quote further from defendant's statement of facts:

"Defendant's driving was observed by Deputy Sheriff * * * Leonard to be very careless * * * he undertook to intercept defendant."

Unsuccessful at first, the deputy finally found defendant's car stopped in the center of an intersection of two streets in the village. He got out of the patrol car, approached defendant's vehicle, identified the defendant as the driver, and saw the passenger later identified as the deceased. He ordered the defendant to pull over to the curb "but instead the defendant squealed his tires, accelerated his car * * * straight through a stop sign * * * went over a lawn * * * and turned north on (state trunkline) M-53". The deputy and a citizen radio expert on temporary duty with the sheriff's department undertook pursuit. The patrol car attained a speed in excess of 70 miles per hour but was forced to slow down by reason of a cloud of dust generated by the defendant's car. The dust was kicked up when defendant left M-53 and continued on a graveled road. At this point, the deputy lost sight of the car and never saw it again until he came upon it 3-1/2 miles further on. It was in a field 95 feet off the highway. Tire tracks led to it out in a field past an uprooted stump.

On this testimony, in addition to other evidentiary matter we have not included, but which was indeed not exculpatory, defendant claims no jury question was created because the immoderate speed (70 mph) was last observed by the pursuing officer 3-1/2 miles back from the fatality.

Despite prior holdings[1] that evidence of immoderate speed at points remote from the scene of the accident is incompetent to establish immoderate speed at the accident scene itself, we decline to extend these holdings to situations where, as in the case at bar, eyewitness testimony at the scene was prevented by the defendant's flight, and the interfering incidents thereof.

The jury would have been hard put to infer from the physical facts at the scene that defendant had reduced his speed to a reasonable rate from that at which the pursuing officer could not catch him 3-1/2 miles back.

We have reviewed the trial court's ruling on admission of the evidence and his charge as to the extent to which it could be considered as bearing upon the ultimate issue of culpable negligence. Nowhere did the able trial judge ever suggest a negligence *per se* conclusion from testimony as to speed where the officer lost sight of the defendant's car.

We have reviewed the record and conclude that the question of whether the defendant was driving at an immoderate rate of speed under the existing conditions was one of fact and properly for the jury.

Affirmed.

All concurred.

---

[1] *People* v. *Barnes* (1914), 182 Mich 179; *People* v. *Campbell* (1927), 237 Mich 424.